

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2007

# USA v. Oliver

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4119

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Oliver" (2007). 2007 Decisions. Paper 1368.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1368

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4119

UNITED STATES

v.

GEORGE OLIVER,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

(D.C. No. 02-cr-00757)

District Judge: Honorable Stewart Dalzell

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2007

Before: SCIRICA, Chief Judge, MCKEE, and NOONAN[*], Circuit Judges.

(Filed:  April 3, 2007)

OPINION OF THE COURT

_____

[*]The Honorable John T. Noonan, Jr., United States Circuit Judge for the Ninth Judicial Circuit, sitting by designation.

MCKEE, <u>Circuit Judge</u>.

George Oliver appeals the sentence that was imposed following his conviction for a single count of possessing cocaine with intent to distribute in violation of 21 U.S.C. §841(a)(1). For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the factual or historical background except insofar as may be helpful to our brief discussion. Oliver argues that the district court erred in determining his criminal history without submitting that issue to the jury, that the sentence that was imposed was unreasonable, and that the court erred in not submitting the question of drug quantity to the jury pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The arguments require only the briefest discussion.

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), it is clear that the sentencing guidelines are advisory. Moreover, given our post-*Booker* jurisprudence, it is equally clear that the sentencing court may make factual determinations in applying the guidelines so long as the resulting sentence is reasonable and the sentencing factors set forth at 18 U.S.C. §3553(a) are given proper consideration. See *United States v. Grier*, 475 F.3d 556 (3d. Cir. 2006) (*en banc*), and *United States v. Cooper*, 437 F3d 324, 329-30 (3d. Cir. 2006).

In *United States v. Oliver*, 398 F.3d 236, 238-40 (3d. Cir. 2006), we rejected the

precise Sixth Amendment claims based upon a trial court determining drug weight and criminal history that Oliver makes here. We again reject those arguments.

Defense counsel also claims that the sentence that was imposed was unreasonable. The argument which counsel makes is as forceful as it is eloquent. Counsel notes the actuarial impact of a sentence of 210 months on someone Oliver's age, and he suggests that the sentence is "a virtual death sentence." Appellant's Br. at 15. Counsel also paints a portrait of someone who has been enslaved by drug usage throughout his entire life and suggests, no doubt with no small amount of justification, that "it is a miracle...that his addiction hasn't killed him." *Id* at 14. It is perhaps with only a slight bit of hyperbole that counsel claims that Oliver "has never met a controlled substance he didn't like." *Id* at 14. Counsel then summarizes the tragedy of Oliver's life as follows: "[h]e is Now battered, bruised and bowed, having lost the sight in one eye while engaged in a drunken argument over a check which ended with acid being thrown in his face." *Id*. at 14.

Although we neither minimize nor ignore the force of counsel's arguments or the human tragedy they portray, we must nevertheless limit our inquiry to determining if the sentencing court properly considered the sentencing factors under §3553(a); and if so, whether the resulting sentence is reasonable.

> The question is not how we ourselves would have resolved
> the factors identified as relevant by §3553(a) . . . nor what
> sentence we ourselves ultimately might have decided to
> impose on the defendant.

3

*Cooper*, 437 F.3d at 330. Rather, we must decide whether the district court imposed the sentence it did for reasons that are logical and consistent with the factors set forth in §3553(a). *Id* at 329.

Here, the district court explained its concern for the protection of society, as well as the need to deter others from "peddling drugs." App. 175. The court considered the guidelines, but clearly did not treat them as mandatory. The resulting sentence of 210 months, although lengthy (perhaps even severe given the defendant's age) was certainly not unreasonable. It is clear from the transcript of the sentencing proceeding that the sentencing court properly applied § 3553(a), and considered each of the factors the court deemed relevant to Oliver's circumstances and background, as well as the characteristics of the offense.

Accordingly for the reasons set forth above, we will affirm the judgment of sentence. In doing so, we pause to note that defense counsel, Barnaby C. Wittels, of the firm of LaCheen, Dixon, Wittels & Greenberg, is representing Mr. Oliver *pro bono*. We express our gratitude to Mr. Wittels and his firm for agreeing to represent Mr. Oliver without compensation, and for the forceful and eloquent brief which was submitted on Mr. Oliver's behalf.

_____

4